# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOGDANA OSIPOVA MOBLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-3007-JWB-KGG |
| ) | |
| KURT KERNS, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM & ORDER DENYING
## MOTION TO APPOINT COUNSEL

Plaintiff Bogdana Osipova Mobley's federal court Complaint (Doc. 1), filed *pro se*, ostensibly alleges legal malpractice. It was transferred to the District of Kansas from the Eastern District of New York. Plaintiff recently filed a Motion to Appoint Counsel. (Doc. 11.) After review of Plaintiff's motion, the Court **DENIES** Plaintiff's request for counsel. (Doc. 11.)

### Motion to Appoint Counsel

As an initial matter, the Court notes that there is no constitutional right to have counsel appointed in civil cases such as this one. ***Beaudry v. Corr. Corp. of Am.***, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C.

1

§ 1915(e)(1).  ***Commodity Futures Trading Comm'n v. Brockbank***, 316 F. App'x 707, 712 (10th Cir. 2008).  The decision whether to appoint counsel "is left to the sound discretion of the district court."  ***Lyons v. Kyner***, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual:  (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.  ***Castner***, 979 F.2d at 1421.

Based on a previous ruling in this District allowing Plaintiff to proceed *in forma pauperis* (*see* Doc. 7), Plaintiff's financial situation would make it impossible for her to afford counsel.  The second factor is Plaintiff's diligence in searching for counsel.  Plaintiff has not used the form motion provided by this

2

District. That form motion includes blanks for Plaintiff to list the attorneys she has contacted to request representation. The motion drafted by Plaintiff does not indicate whether she has spoken to *any* attorneys regarding representation. As such, the Court cannot find that this factor weighs in favor of appointing counsel for Plaintiff.

The next factor is the viability of Plaintiff's claims in federal court. *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421. While concerns may exist as to whether or not the statute of limitations bars Plaintiff's claims as to certain of the complained-of activity, a portion of the complained-of activity has occurred within the two year statute of limitations for legal malpractice under Kansas law. *Booth v. Davis*, 690 Fed.Appx. 571, 572 (10th Cir. 2017). Further, claims relating to the earlier complained-of activity may remain viable because of the continuous representation rule. *Hartleib v. Weiser Law Firm, P.C.*, No. 19-2099-CM-JPO, 2019 WL 3943064, *4 (Aug. 21, 2019) (citing *Pancake House, Inc. v. Redmond By & Through Redmond*, 716 P.2d 575, 579 (Kan. 1986)). This factor weighs in Plaintiff's favor.

The Court's analysis thus turns to the final factor, Plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner*, 979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id*., at 1422.

The Court notes that the factual and legal issues in this case are not unusually complex.  Cf. ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day.  Although Plaintiff is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel.  As such, the Motion to Appoint Counsel (Doc. 11) is **DENIED**.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Appointment of Counsel (Doc. 11) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 23rd day of June, 2020.

s/ Kenneth G. Gale  
KENNETH G. GALE  
United States Magistrate Judge

4