# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BOGDANA OSIPOVA MOBLEY, ) | |
| ) | Case No. 20-3007-JWB-KGG |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| KURT KERNS, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

### REPLY BY DEFENDANTS KURT P. KERNS AND ARIAGNO, KERNS, MANK & WHITE, LLC TO PLAINTIFF'S RESPONSE TO THE MOTION TO DISMISS

Defendants Kurt P. Kerns and Ariagno, Kerns, Mank & White, LLC (collectively, the "Defendants"), pursuant to FED. R. CIV. P. 12(b)(6) and D. KAN. RULES 7.1(c), hereby submit this Reply to Pro se Plaintiff Bogdana Mobley's ("Ms. Mobley" or the "Plaintiff") Response to the Motion to Dismiss (the "Response"), (ECF 22), and in support of Defendants' Motion to Dismiss, (ECF 16).

The Response fails to demonstrate that the Defendants' Motion to Dismiss should not be granted because Ms. Mobley has not shown that she:

(1) can maintain an action on behalf of her parents or minor children;

(2) has stated a claim for breach of fiduciary duty that is independent of her legal malpractice claim;

(3) has stated a claim for breach of contract because her allegations center on her legal representation and not a breach of any agreement;

(4) has stated a cause of action under 42 U.S.C. § 1983 because Defendants (1) were not acting under color of law, and (2) should not be liable for other's actions;

(5) has stated a claim for "outrageous acts," (otherwise known in Kansas as the tort of intentional infliction of emotional distress); and

(6) adequately pleaded a claim for punitive damages.

Ms. Mobley further fails to provide any support for her legal malpractice claim. In merely enunciating legal conclusions and vague statements of Defendants' purported conduct, Ms. Mobley has not satisfied this Court's pleading standard. Without more, Ms. Mobley's complaint is not plausible on its face and does not afford Defendants with notice of the claims against them.

For these reasons, this Court should dismiss Ms. Mobley's complaint.

## ARGUMENT AND AUTHORITIES

### I. Ms. Mobley Misstates the Federal Pleading Standard.

As a preliminary matter, Defendants note that Ms. Mobley inappropriately relies on the pre-*Twombly* federal pleading standard to forego factual allegations against the Defendants.

Ms. Mobley cites caselaw from over twenty years ago to argue that a motion to dismiss "should not be granted unless it is beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (ECF 25, p. 1) (quoting *GFF Corp. V. Associated Wholesalers Grocers, Inc.*, 130 F.3d 1382 (10th Cir. 1997). However, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) expressly overrules the "no set of facts" language, noting it has "**been questioned, criticized, and explained away long enough** by courts and commentators, and **is best forgotten as an incomplete, negative gloss** on an accepted pleading standard." 550 U.S. at 546, 127 S.Ct. at 1959-60 (Emphasis added). The Supreme Court further elaborated on Rule 8's pleading requirement in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), holding that the district court must "identify[] the allegations in the complaint that are not entitled to the assumption of truth," (i.e.

2

conclusory statements), and then evaluate the *well-pleaded* factual assertions to determine whether "they plausibly suggest an entitlement to relief." 556 U.S. at 679, 129 S. Ct. at 1950.

Despite the less stringent construction standards afforded to pro se litigants, Ms. Mobley must still "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir.1994)). Thus, her complaint must give "enough factual detail to provide 'fair notice of what the ... claim is and the grounds upon which it rests.'" *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. Ms. Mobley cannot overcome FED. R CIV. P. 12(b)(6) merely because she claims to have "alleged all of the elements of [a] legal malpractice claim and how they are applied to Defendants." (ECF 25, p. 2).

## II. Ms. Mobley Fails to Address the Majority of Arguments Posed in the Motion to Dismiss.

The primary focus of Ms. Mobley's Response addresses the exoneration rule and the recent activity in the underlying proceedings, *United States v. Mobley,* Case No. 6:17-cr-10142-EFM (the "Criminal Matter"). In the Criminal Matter, Ms. Mobley was convicted on three counts, and the 10th Circuit has recently reversed portions of her convictions and remanded the matter for resentencing.  See *United States v. Mobley,* 2020 WL 4913633 at *4 (10th Cir. Aug. 21, 2020).[1]

However, Ms. Mobley completely fails to address several arguments raised in the Defendants' Motion to Dismiss, including but not limited to: (1) claims purportedly brought on

---

[1] Ms. Mobley was found guilty of (1) international parental kidnapping in violation of 18 U.S.C. § 1204; (2) extortionate interstate communications between August 27 and August 30, 2015, in violation of 18 U.S.C. § 875(b); and (3) extortionate interstate communications on or about November 21, 2015, in violation of 18 U.S.C. § 875(b). The Tenth Circuit upheld the kidnapping conviction but vacated Ms. Mobley's 18 U.S.C. § 875(b) convictions and the $18,000 restitution order. The 10th Circuit remanded the matter to the District Court for a resentencing hearing. On September 21, 2020, Ms. Mobley filed an Emergency Motion for Immediate Release Pending Re-Sentencing in the Criminal Matter (the "Motion for Release"). (ECF 23-2, p. 19) The Court has since ordered the government to respond to the Motion for Release by October 14, 2020. *Id.*

behalf of her parents or children; (2) her breach of fiduciary duty claim; (3) her breach of contract claim; (4) her Section 1983 claim; (5) her "outrageous acts" claim; and (6) her punitive damages claim.

Defendants understand that this Court "may not grant a motion to dismiss for failure to state a claim 'merely because [a party] failed to file a response.'" *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (quoting *Reed v. Bennett,* 312 F.3d 1190, 1194 (10th Cir.2002)). Notwithstanding, this Court must consider the sufficiency of Ms. Mobley's pleading and "examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Issa*, 354 F.3d at 1177-78.

As outlined in the Defendants' Motion to Dismiss, each of these claims set forth in Ms. Mobley's Complaint falls far short of the federal pleading standard set by this Court.[2] As a result, this Court should dismiss all of the claims mentioned above.

### III.     Ms. Mobley Failed to Plead a Legal Malpractice Claim.

As Defendants have previously stated, the elements for a legal malpractice claim are "(1) the duty of the attorney to exercise ordinary skill and knowledge, (2) a breach of that duty, (3) a causal connection between the breach of duty and the resulting injury, and (4) actual loss or damage." *Canaan v. Bartee*, 276 Kan. 116, 120, 72 P.3d 911, 914 (2003) (quoting *Bergstrom v. Noah,* 266 Kan. 847, 874, 974 P.2d 531 (1999)). In addition to these elements, Ms. Mobley must also show that she would have obtained "a favorable judgment in the underlying lawsuit had it not been for the attorney's error." *Canaan*, 276 Kan. at 120, 72 P.3d at 914 (quoting *Webb v. Pomeroy,* 8 Kan.App.2d 246, 249, 655 P.2d 465 (1982)).

---

[2]     The missing legal basis for the claims was also discussed at length in the Motion to Dismiss. Therefore, for sake of brevity, discussions of the same will not be regurgitated again herein.

Plaintiff's allegations of purported misconduct can be clumped into one of three themes: (1) the loss of items stolen from Mr. Kerns' vehicle; (2) allegations that Defendants ceased contact with or sparingly met with Ms. Mobley while she was in custody; and (3) an unspecified change in Ms. Mobley's defense strategy during her incapacity. (ECF 16, p. 12). However, Ms. Mobley fails to set forth how these alleged acts give rise to a professional negligence claim. The "sheer possibility" of unlawful conduct fails to live up to this Court's plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). Allowing litigation and discovery to continue with such an obscured picture contravenes this Court's pleading standard and denies the Defendants fair notice of the claims against them.

## CONCLUSION

For the reasons stated above and those outlined in the Motion to Dismiss, (ECF 16), Defendants Kurt P. Kerns and Ariagno, Kerns, Mank & White, LLC respectfully request that this Court grant the Motion to Dismiss, and dismiss this action.

Respectfully Submitted,

*/s/ Richard M. Acosta*
Timothy M. Aylward             USDC-Kansas #70538
Richard M. Acosta                           KS #23239
Horn Aylward & Bandy, LLC
2600 Grand Boulevard, Suite 1100
Kansas City, MO 64108
(816)421-0700
FAX:  (816) 421-0899
racosta@hab-law.com
taylward@hab-law.com

**Attorneys for Defendants Kurt Kerns and Ariagno Kerns Mank & White L.L.C**

5

## CERTIFICATE OF SERVICE

  I hereby certify that on the 1st day of October, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system and that a copy was served on the Plaintiff on that same day by depositing the same in the United States Mail, first class postage prepaid, addressed as follows:

  Bogdana Osipova Mobley, #28882-031
  DANBURY - Federal Correctional Institution
  Inmate Mail/Parcels
  Route 37
  Danbury, CT 06811

  **Plaintiff Pro Se**

                */s/ Richard M. Acosta*
                Attorney