IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOGDANA OSIPOVA MOBLEY,

      Plaintiff,

v.                                                       Case No. 20-3007-JWB

KURT KERNS, et al.,

      Defendants.

**MEMORANDUM ORDER**

This matter is before the court on Plaintiff's objection to order of the magistrate judge. (Doc. 21.) The motion has been fully briefed and is ripe for review. (Docs. 21 and 25.) For the reasons stated herein, Plaintiff's objection is OVERRULED.

**I.    Background**

On December 3, 2019, Plaintiff Bogdana Osipova Mobley filed her complaint (Doc. 1) alleging legal malpractice. Proceeding *pro se*, Plaintiff filed her first motion for appointment of counsel on June 23, 2019. (Doc. 11.) Magistrate Judge Gale denied this motion after finding that the factors did not weigh in favor of appointing counsel for Plaintiff. (Doc. 12.) Plaintiff did not object to this order. On July 27, 2020, Defendants filed a motion to dismiss. (Doc. 16.) In response, Plaintiff filed a motion for appointment of counsel and an extension of time to file a response to Defendants' motion to dismiss. (Doc. 18.) In her second motion requesting counsel, Plaintiff argued for appointment of counsel because, despite her "position as a law library clerk, there are very limited legal resources here at FSL Danbury to litigate the case," English is her second language, and the facility where she was contained "has been on lockdown" since August

1

9, 2020, which left her with "no access to [an] electronic or regular library, phone or email until August 11, 2020." (*Id*.) Further, Plaintiff alleged she contacted the ACLU in Kansas and New York for representation but was unsuccessful. (*Id*.)

On August 18, 2020, the magistrate judge granted Plaintiff an extension to respond to Defendants' motion to dismiss until 30 days after a ruling was issued on the second motion for counsel. (Doc. 19.) That same day, the magistrate judge denied Plaintiff's second motion for counsel stating "[t]he only material difference in this motion is the claim that between August 9 and 11, 2020 the Plaintiff was unable to access her prison facility's law library because of a lockdown," and that issue was remedied by an extension to respond to the Defendants' motion to dismiss. (Doc. 20.) On September 8, 2020, Plaintiff filed this objection asking the court to reconsider the magistrate judge's order and appoint her counsel. (Doc. 21.)

**II.     Standard**

Because Plaintiff is proceeding pro se, the court is to liberally construe her filings. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Upon objection to a non-dispositive matter, the district judge must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "Under this clearly erroneous standard, the district court does not conduct a de novo review of the factual findings; instead, it must affirm a magistrate judge's order unless a review of the entire evidence leaves it 'with the definite and firm conviction that a mistake has been committed.'" *United States v. Kaeckell*, No. 19-mc-209-DDC, 2019 WL 6486744, at *1 (D. Kan. Dec. 3, 2019) (quotation omitted). The "contrary to law" standard, by contrast, permits the district court to independently review purely

legal determinations made by the magistrate judge, and to modify or set them aside if the order "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quotation omitted).

## III. Analysis

The court finds Magistrate Judge Gale's order (Doc. 20) is not clearly erroneous or contrary to law and therefore overrules Plaintiff's objection (Doc. 21.) In ruling on Plaintiff's initial motion (Doc. 11), the magistrate judge applied the correct standard set by the Tenth Circuit in ruling on motions to appoint counsel. (Doc. 12 at 2) (citing *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985)). Plaintiff does not argue that the magistrate judge applied the incorrect law in this matter. Rather, she raises the same arguments that were raised before the magistrate judge. After considering the required factors, Magistrate Judge Gale saw "no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se*" in our courts. (*Id.* at 4.) Specifically, he found that Plaintiff was not diligent in searching for counsel and the issues within her case were not unusually complex. (*Id.*) In Plaintiff's second motion (Doc. 18), the magistrate judge noted the only material change was Plaintiff's inability to access legal materials from August 9 to 11, 2020. (Doc. 20.) The magistrate judge remedied this by extending Plaintiff's time to respond to the motion to dismiss by 30 days. (*Id.*) Plaintiff has shown no error with respect to the magistrate judge's ruling. Indeed, Plaintiff's objection (Doc. 21) contains the same arguments already addressed by the magistrate judge. Since Plaintiff has not shown the magistrate judge failed to correctly apply the law the court will not overrule the magistrate judge. Accordingly, Plaintiff's objection is overruled.

**IV.     Conclusion**

Plaintiff's objection (Doc. 21) to the magistrate judge's order is OVERRULED.

IT IS SO ORDERED this 22nd day of January, 2021.


    s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE