IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOGDANA OSIPOVA MOBLEY,

      Plaintiff,

v.                                                                 Case No. 20-3007-JWB

KURT KERNS, et al.,

      Defendants.

## MEMORANDUM ORDER

This matter is before the court on Defendants' motion to dismiss (Doc. 16).  The motion has been fully briefed and is ripe for decision.  (Docs. 17, 22, 26, 27.)  For the reasons set forth herein, Defendants' motion is GRANTED.

## I.      Background

The following factual allegations are taken from Plaintiff's complaint.  (Doc. 1.)  Plaintiff, Bogdana Mobley, is a dual citizen of the United States of America and Russia.  On December 3, 2019, Plaintiff, pro se, filed her complaint naming Kurt Kerns ("Defendant Kerns") and Ariagno, Kerns, Mank & White, LLC (the "Firm") (collectively "Defendants")[1] as defendants.  Initially, Plaintiff hired Defendants to represent her in a criminal case at the beginning of October 2017.  Defendants "received $20,000 as a flat fee for Plaintiff's representation."  (*Id.*)  Additionally, Defendants received the following from Plaintiff: "Plaintiff's personal HP touch screen laptop; Blackberry Classic cell phone; black Kenneth Cole backpack with a folder of original documents,

---

[1] Plaintiff often does not distinguish between the actions of her attorney, Defendant Kerns, and the Firm.  When needed for clarity, the court will attempt to distinguish to whom Plaintiff is referring based on the context in the complaint.

external hard drive, multiple memory cards with pictures, projects and files; blue suitcase with Plaintiff's clothes." (*Id*.)

During a meeting on November 28, 2017, Plaintiff informed Defendant Kerns that a female guard at the Butler County Jail was intimidating and harassing her, and further asked that Defendant Kerns bring this issue to a supervisor at the facility. This purported abuse and harassment continued after the meeting, and Plaintiff claims she informed Defendant Kerns of the same. Plaintiff states "[i]t is unknown to the Plaintiff until this day if the Defendant took any action upon Plaintiff's request for help." (*Id*.) After the November meeting, Plaintiff asserts that "Defendant seized [sic] contact and became unavailable to the Plaintiff." (*Id.*)

On December 5, 2017, Defendant Kerns emailed Plaintiff's stepfather with news that his car had been broken into and Plaintiff's "briefcase that had the yellow file w [sic] laptop and her phone" had been stolen. (*Id*.) Plaintiff's criminal trial was scheduled for December 12, 2017. However, on or about December 10, Plaintiff was medicated with a psychotropic drug "without a hearing, court-order, psychiatrist's prescription or Plaintiff's consent." (*Id*.) Because of this, Plaintiff states she "suffered from severe personal injury: allergic reaction that lead to semi-coma state, severe dehydration, loss of weight, grave disability." (*Id*.) In January 2018, Plaintiff was found incompetent to stand trial. Plaintiff's competency was later restored in the beginning of July 2018.

During this time, Plaintiff alleges "Defendant met with Plaintiff only on few occasions during Plaintiff's detention at Butler County Jail, no visits during Plaintiff's stay at Carswell, TX and one visit in August 2018 at Harvey Detention Center where Plaintiff was transferred to await trail [sic]." (*Id*. at 1-2.) Plaintiff further alleges that "Defendant changed Plaintiff's defense strategy during Plaintiff's incompetency without prior Plaintiff's knowledge or approval." (*Id*. at

2.)  In early 2019, Defendants "demanded additional payment of $10,000 to represent the Plaintiff for the first time at the upcoming" trial scheduled for March 2019.  (*Id*.)  In early March 2019, "Plaintiff removed Defendant as her attorney from her case by hiring [a] new attorney."  (*Id*.)

Plaintiff now claims that "due to the Defendant's severe negligence, unprofessional misconduct and breach of fiduciary duty Defendant compromised Plaintiff's trial outcome in the criminal case as well as trial timeframe due to the loss of Plaintiff's legal original documents and pictures that were Plaintiff's property and an [sic] evidence for the federal criminal case that Plaintiff entrusted to the Defendant's care."  (*Id*.)  In sum, Plaintiff believes these "acts caused Plaintiff, Plaintiff's parents and Plaintiff's minor kids economic loss, pain and suffering, loss of evidence for criminal case."  (*Id*.)  Plaintiff "seeks compensation for economic loss, pain and suffering of $25 000 000 (twenty five million dollars), punitive damages that Court deem appropriate from Defendants" in addition to the "refund of $20,000 that the Defendant received on October 2017 . . ."  (*Id*.)

Plaintiff filed this action pursuant to 28 U.S.C. §1332.  Defendants now move to dismiss Plaintiff's complaint on the basis that it fails to state a claim.

## II.    Jurisdiction

According to the allegations in the complaint, Plaintiff is a resident of New York. Defendants are residents of Kansas and the amount in controversy exceeds $75,000, such that the court has diversity jurisdiction over the dispute pursuant to 28 U.S.C. § 1332.  (Doc. 1 at 1.)  In a diversity action, this court applies the choice of law rules in the forum state, which in this case is Kansas.  *Boyd Rosene & Assocs., Inc. v. Kan. Mun. Gas Agency*, 123 F.3d 1351, 1352-53 (10th Cir. 1997).  With respect to tort cases, "Kansas courts have long applied the traditional lex loci delicti choice of law rule . . . the law of the state where the tort occurred governs the merits of the

litigation." *Anderson v. Commerce Const. Servs., Inc.*, 531 F.3d 1190, 1194 (10th Cir. 2008) (citing *Ling v. Jan's Liquors*, 237 Kan. 629, 703 P.2d 731, 735 (1985).

### III.   Standards

The court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008).  The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable.  *Id.*  "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court construes any reasonable inferences from these facts in favor of the plaintiff.  *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

### IV.   Discussion

Because Plaintiff is proceeding pro se, the court is to liberally construe her filings.  *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009).  However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf.  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  Plaintiff titled her complaint "Diversity Action Complaint for Legal Malpractice," and, in her response (Doc. 22) to the motion to dismiss[2], only discussed and defended her malpractice claim.  Accordingly, the court construes Plaintiff's complaint as alleging a claim for legal malpractice.

---

[2] In their memorandum in support of their motion to dismiss (Doc. 17) Defendants compiled an exhaustive list of creative theories Plaintiff could possibly be alleging.  (Doc. 17 at 5-6.)  As stated, Plaintiff only responded to

A.      **Failure to State Legal Malpractice**

Plaintiff alleges that due to Defendants' actions "Plaintiff's trial outcome in the criminal case" was compromised.  (Doc. 1 at 2.)  Plaintiff takes issue with the following acts by Defendants: (1) Plaintiff's items being stolen from Defendant Kerns' car; (2) Defendants ceasing or minimizing contact with Plaintiff; and (3) Defendants changing the defense strategy during Plaintiff's incompetency.  As discussed, these acts fail to establish a viable malpractice claim.

Under Kansas law, to prevail on her legal malpractice claim Plaintiff must allege: "(1) the duty of the attorney to exercise ordinary skill and knowledge, (2) a breach of that duty, (3) a causal connection between the breach of duty and the resulting injury, and (4) actual loss or damage." *Bergstrom v. Noah*, 266 Kan. 847, 874, 974 P.2d 531(1999).  In addition to these four elements, Plaintiff must show she would have obtained "a favorable judgment in the underlying lawsuit had it not been for the attorney's error."  *Canaan v. Bartee*, 276 Kan. 116, 120, 72 P.3d 911 (2003).

First, Defendants argue "the loss of property due to a third-party's criminal acts does not constitute negligence."  (Doc. 17 at 13.)  Regarding intervening criminal acts, the Kansas Supreme Court has stated:

> The general rule is that when, between an original negligent act or omission and the occurrence of an injury, there intervenes a willful, malicious, and criminal act of a third person which causes the injury but was not intended by the person who was negligent, and could not reasonably have been foreseen by him, the causal chain between the negligence and the accident is broken.

*Citizens State Bank v. Martin*, 227 Kan. 580, 588-89, 609 P.2d 670 (1980) (citing *Sly v. Board of Education*, 213 Kan. 415, 516 P.2d 895 (1093)).  Here, Plaintiff alleges a thief broke into

---

Defendants' argument concerning the malpractice claim and made no further attempts to argue that her complaint alleged any other claims under Kansas state law.  Therefore, Plaintiff has waived any argument as to any other claims. Moreover, to the extent Plaintiff's complaint could possibly be construed to make additional claims as discussed in Defendant's memorandum, the court finds Plaintiff's complaint fails to state a claim for the reasons stated in Defendants' memorandum.

Defendant Kern's car the night before he was supposed to meet her at the jail and stole her laptop and phone. Regardless of whether Defendant Kerns leaving Plaintiff's laptop and phone in his car breached a duty, Plaintiff fails to allege foreseeability by Defendant Kerns. Plaintiff further fails to allege how the stolen phone and laptop played any role in receiving an unfavorable judgment. Indeed, Plaintiff alleges the devices stolen merely contained photos of friends and family. This is insufficient to state a legal malpractice claim.

Next, Defendants argue they maintained proper communication and, under the Kansas Rule of Professional Conduct ("KRPC"), they were justified in changing Plaintiff's defense strategy during her period of incompetency. Pursuant to KRPC 1.4(b), a lawyer must "explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation" and that "fully informing the client according to this standard may be impracticable, for example, where the client . . . suffers from diminished capacity." KRPC 1.4(b), cmt 4. Here, Plaintiff alleges Defendants ceased contact and otherwise became unavailable after the November 28, 2017 meeting. However, Plaintiff's argument is undermined by the fact that she was transported to Texas on December 18, 2017 due to a severe allergic reaction that left her in a semi-comatose state and suffering from "severe dehydration, loss of weight, [and] grave disability." (Doc. 1 at 1.) Plaintiff alleges that she was deemed incompetent to stand trial from January 2018 until the beginning of July 2018. Importantly, Plaintiff alleges Defendant Kerns visited her in August 2018—the first month following Plaintiff's competency being restored. Concerning the change in strategy, Plaintiff affirmatively alleges this was done "during Plaintiff's incompetency." (*Id*. at 2.) Plaintiff makes no attempts at explaining how she would be competent to make informed decisions concerning her legal strategies during a time where she was found

incompetent to stand trial.  Accordingly, Plaintiff has failed to allege a plausible legal malpractice claim.

Finally, with respect to any allegation that Defendants' malpractice resulted in harm to Plaintiff in the form of incarceration, the court notes that Plaintiff obtained new counsel in her criminal case on February 12, 2019, at which time Defendants were permitted to withdraw from the case.  *United States v. Mobley*, No. 17-10142 (D. Kan.  Feb. 12, 2019) (Docs. 101, 102.)  That case then proceeded to trial beginning March 5, 2019, and ending with a verdict on March 6, 2019, in which the jury found Plaintiff guilty on one count of international parental kidnapping and two counts of extortionate interstate communications.  (*Id.* Mar. 5-6, 2019) (Docs. 124, 128.)  On appeal, the Tenth Circuit vacated the convictions for extortionate interstate communications, but affirmed the conviction for international parental kidnapping, noting that Plaintiff "went to trial, conceding her guilt on the international-parental-kidnapping count . . . ."  *United States v. Mobley*, 971 F.3d 1187, 1191 (10th Cir. 2020).  The complaint in this case is devoid of any factual allegations showing how any deficiencies in Defendants' pretrial performance prejudiced her at trial, particularly given that she went to trial with new counsel and conceded guilt on one of the counts.  Thus, the only harms alleged in the complaint that are attributable to Defendants are related to the loss of her personal property from Defendant Kerns' car, which the court has determined is legally insufficient to state a claim against Defendants.

## V.    Conclusion

Defendants' motion to dismiss (Doc. 16) is GRANTED.

IT IS SO ORDERED this 1st day of April, 2021.

   s/ John W. Broomes

JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE